## McLaughlin's Estate.

*Auditor's report—Opening of—Res adjudicata.*

An auditor's report should not be opened twenty-eight years after its confirmation on petition for review asking for a construction of a will different from that on which the auditor's report was founded. The matter is *res adjudicata*.

Rule to review confirmation of auditor's report. O. C. Lancaster Co., Dec. T., 1925, No. 53.

*Charles E. Workman*, for rule; *I. C. Arnold*, contra.

SMITH, P. J., May 13, 1926.—This proceeding is in the form of a rule to show cause why a confirmation of an auditor's report in the estate of John McLaughlin, deceased, should not be opened and "the questions therein purported to have been decided and settled" reviewed. The petitioner prays that the will of John McLaughlin be reconstrued, and asks for a construction which will reverse that of the auditor, which was approved, accepted and confirmed more than twenty-eight years ago. An attempt is made to operate an appeal in the guise of a review. The only purpose of the petitioner is to raise a question as to the interpretation of the will. To hold that such an action can be entertained would introduce a practice the unsettling effect of which it will be difficult to estimate. Vested rights would become a tradition and litigation a habit.

The petitioner alleges nothing on which to found a review, and had we been fully informed, the rule would have been refused. Even had we the power to review the matter as on an appeal, it is not likely that the auditor's conclusion would be disturbed. The case is *res adjudicata* and the rule is dismissed. Costs to be paid by the petitioner.

From George Ross Eshleman, Lancaster. Pa.